Arland CHANDLER v. PERRY-CASA PUBLIC
SCHOOLS DISTRICT NO. 2, et al

84-306                                          690 S.W.2d 349

Supreme Court of Arkansas
Opinion delivered June 3, 1985

*Cearley, Mitchell & Roachell*, by: *Robert M. Cearley, Jr.* and *Marcia Barnes*, for appellant.

*G. Ross Smith, P.A.*, by: *G. Ross Smith* and *W. Paul Blume*, for appellees.

JOHN I. PURTLE, Justice. After pretrial briefs, testimony, and arguments of counsel, the circuit court dismissed appellant's complaint for a declaratory judgment and for a writ of mandamus. For reversal appellant argues the trial court abused its discretion in denying the petition for a writ of mandamus and erred in dismissing the complaint with prejudice. We do not agree.

Appellant entered into a contract to teach for the school year 1983-1984. The contract entered into on April 22, 1983, stated that appellant would "work as assigned by the Supt. or Prin." Although the contract was the standard Arkansas "Teacher's Contract," it did not describe appellant's classroom duties. After appellant was assigned teaching duties in secondary math and basic computer skills, some students and parents became dissatisfied with appellant's performance and petitioned the board to reassign him. At a regular board meeting on April 7, 1984, the board voted to reassign him or give him an early release from his contract. He was also suspended indefinitely. The next day the superintendent mét with appellant and informed him of the board's action. At a special meeting on April 9, 1984, the board voted to rescind the suspension and reassign appellant to teach computer science. Appellant was notified of this board action by the superintendent on April 11, 1984. The following day he applied for reemployment for the 1984-1985 year. When appellant returned to work on April 16, 1984, he was removed from his math classes and assigned to teach only the computer science class. This class ended on April 27, 1984. He had no other teaching duties for the balance of the school year.

The appellant requested a hearing before the board to protest his suspension and reassignment. Pursuant to this request the board held a hearing on April 30, 1984, and rescinded the suspension action and expunged the record of appellant's suspension. The board upheld appellant's reassignment. After the reassignment, his duties were to train other teachers to operate new computers, set up computers in the elementary school library, draft a list of computer discs for math and spelling classes, and prepare a list of computer programs needed for the 1984-1985 school year.

Deeming his reassignment of duties a termination of his duties as a math teacher, appellant requested a hearing before the board. He was certified by the State Board of Education as a secondary math teacher. The appellee board did not grant him a hearing on the matter of reassignment of duties and he filed a complaint in the circuit court entitled "Complaint for Declaratory Judgment and Application for Writ of Mandamus." After a hearing the trial court held it did not have jurisdiction to issue a writ of mandamus because assignment of duties is discretionary with the school board. The complaint was dismissed with prejudice. At the time of the hearing appellant had been rehired to teach math for the 1984-1985 school year.

The first assignment of error is that the court erred in refusing to grant a writ of mandamus. In support of this argument it is urged that the Teacher Fair Dismissal Act and the Arkansas Pupil Assignment Act of 1959 mandated that appellant be allowed to continue his math teaching duties. Arkansas Stat. Ann. § 80-1234 (Repl. 1980) is a part of the Arkansas Pupil Assignment Act of 1959 but this particular statute grants local boards of education the power to assign, reassign, and transfer teachers within the district. This statute has not been construed by this court. The first rule to be applied in statutory construction is to give the words in the statute their usual and ordinary meaning. If there is no ambiguity we give a statute effect just as it reads. *Mourot, Freeman and Bailey* v. *Arkansas Board of Dispensing Opticians*, 285 Ark. 128, 685 S.W.2d 502 (1985). We think the statute means exactly what it says and that the local boards of education may assign, reassign and transfer teachers within the district. The statute states: "Local Boards of Education shall have authority to assign and reassign or transfer all teachers in schools within their jurisdiction."

██ The purpose of the writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Lewis* v. *Conlee*, 258 Ark. 715, 529 S.W.2d 132 (1975). Mandamus will not be granted to compel action on discretionary matters. The standard of review upon denial is whether the trial court abused its discretion. *Bunting* v. *Tedford*, 261 Ark. 638, 550 S.W.2d 459 (1977); *Karoley* v. *Reed*, 233 Ark. 538, 345 S.W.2d 626 (1961). From the law and facts of this case we cannot find that the board has failed or refused to do an act which is plainly its duty. Therefore, the writ of mandamus was properly refused. *Springdale School District* v. *Jameson*, 274 Ark. 78, 621 S.W.2d 860 (1981).

The second argument is that the trial court erred in dismissing the complaint with prejudice. The complaint alleged that the reassignment amounted to dismissal for arbitrary and capricious reasons thereby violating the Fair Dismissal Act. He also alleged damages pursuant to 42 U.S.C. § 1983, commonly known as the Civil Rights Act. There was also an allegation that the reassignment was not initiated by the superintendent thereby violating Ark. Stat. Ann. § 80-1266.5 (Supp. 1983).

We accept appellant's statement that the board did not comply with the terms of the Fair Dismissal Act and that it was not the superintendent who initiated the reassignment. He did recommend reassignment after the board voted to suspend or release the appellant. We do not accept appellant's statement that the action of the board was arbitrary or capricious.

██ The Fair Dismissal Act requires notice to the teacher of the reasons for suspension within two days after it is imposed. Suspended teachers are entitled to a hearing. Ark. Stat. Ann. § 80-1266.5 (Supp. 1983). However, within the time required for the notice the appellant had been reinstated. He was subsequently given a hearing and was completely vindicated. The board expunged the record of the suspension but refused to rescind its action relating to the reassignment of duties. Since he has been renewed for the 1984-1985 school year, appellant was obviously not terminated in a literal sense.

██ There is no requirement that a teacher be assigned the duties of his preference or that he consent to transfer or reassignment. In the present case the contract on its face stated the appellant would be assigned duties by the superintendent or

the principal. He was not hired as a secondary math teacher which is obviously the duty of his choice. He was assigned from the beginning as a part time computer instructor. He was later assigned to full time computer duties. He designed programs and instructed other teachers as part of his duties. His assignment seems to have retained him in an important and useful capacity. Had he been assigned janitorial duties or something of that nature we would likely take a different view. The assignment here is a reasonable one based upon the record before us.

The allegation that appellant had a § 1983 action based upon a liberty right was dismissed along with the other allegations of the complaint. There were no facts pleaded upon which such action could have been maintained.

Under the circumstances and pleadings of this case we are of the opinion that the trial court properly refused to grant the writ of mandamus and also properly dismissed the complaint because it did not state facts upon which relief could have been granted.

Affirmed.