The Honorable Charles L. Robinson Legislative Auditor State Capitol Room 172 Little Rock, AR 72201
Dear Mr. Robinson:
This is in response to your request for an opinion concerning A.C.A. 24-7-401 and the amount of employer contributions to be paid by the State from the Public School Fund. You have asked the following specific questions in this regard:
 (1) Does the State Board of Education have the authority to reduce the amount of State employer matching paid the Arkansas Teacher Retirement System without the approval of the Retirement System's Board of Trustees?
 (2) If the answer to #1 is "no", what recourse does the Teacher Retirement Board of Trustees, other state officials or employees, or the general public have to obtain the proper transfer of the funds that have been wrongfully withheld from Teacher Retirement?
It must be concluded that the answer to your first question is no. Arkansas Code Annotated 24-7-401, which sets forth the financial objective of Act 427 of 1973, as amended (pertaining to the Teacher Retirement System) is, in my opinion dispositive of this question. This provision states in pertinent part as follows:
 (a)(1) The financial objective of this act is to establish contribution rates which, expressed as percentages of active member payroll, will remain approximately level from generation to generation of Arkansas citizens. (2) The contribution rates shall be sufficient to provide that employer contributions each year, together with member contributions, shall be sufficient both to fully cover the costs of benefit commitments being made to members for their service being rendered in each year and to make a level payment which, if paid annually over a reasonable period of future years, will fully cover the unfunded costs of benefit commitments for service previously rendered. (b) An actuarial valuation of annuities being paid retirants and beneficiaries shall be made annually by the board's actuary. An actuarial valuation of the entire system shall be made at least biennially by the board's actuary. (c)(1) The financial objective of this act shall be maintained for each fiscal year and the state employer contribution rate, expressed as a percent of active member payroll for each fiscal year, shall be as measured by the most recent actuarial valuation of the entire system made by the board's actuary. (2) For each fiscal year beginning July 1, 1977, or later, the dollar amount of state employer contributions to be paid during the fiscal year shall be the result of multiplying the applicable percent of active member payroll for the fiscal year by the total covered salaries during the fiscal year of members whose positions are financed by the State Public School Fund, taking the result to the nearest dollar. (3) The percent of active member payroll to be paid in the fiscal year beginning July 1, 1979, and each year thereafter shall be increased by the percentage that the board's actuary certifies as necessary to find [fund??] any increases in benefits enacted by the General Assembly in 1979 or in any year thereafter. (d)(1) The board shall certify annually to the State Treasurer the amounts of employer contributions to be paid by the state, which contributions shall be paid from the State Public School Fund or federal funds administered by the State Board of Education. (2) The State Treasurer is authorized and directed to pay the system the state's employer contributions for each fiscal year, as follows: Ten million dollars ($10,000,000) on or before September 1 of the fiscal year and, on or before the first day of each succeeding month, at least ten percent (10%) of the remainder due, until there is no remainder due at the end of the fiscal year.
It is thus clear that the amount of state employer contributions results from the application of a percentage rate which is derived from a valuation performed by the Board of Trustees' actuary. The Board certifies the resultant contribution amounts to the State Treasurer, ". . . which contributions shall be paid from the State Public [School] Fund or federal funds administered by the State Board of Education." A.C.A. 24-7-401(d)(1)
It is therefore my opinion that the legislature has vested the Teacher Retirement System Board of Trustees with the power and duty to certify to the Treasurer the state contribution amounts, following the actuarial valuation provided for under 24-7-401. This conclusion is also compelled by the fact that all authority and responsibility with respect to administration and control of the plan established under 24-7-401 — 411 resides in the Board. See A.C.A. 24-7-305. It is also significant to note that the Board has the overall responsibility for ". . . making effective the provisions of (Act 427 of 1973)."
We find no authority for the State Board of Education's reduction of the employer contribution amounts. The general powers and duties of the Board of Education would not appear to support this action. See A.C.A. 25-6-103 (Supp. 1987); A.C.A. 6-11-105 (Supp. 1987). It should be noted that the Board of Education is responsible for managing the Public School Fund. A.C.A.6-20-203(c). And the Board of Education must give priority to Minimum Foundation Aid in identifying programs to be funded. A.C.A. 6-20-206. However, this priority relates specifically to the allocation of available funds to various programs WITHIN the Public School Fund ("Fund"), and does not otherwise limit or control other required application(s) of the Fund. Arkansas Code Annotated 24-7-401 would appear to mandate payment of the specified employer contributions from the Fund. This mandate may also be premised upon A.C.A. 6-11-105(a)(10) (Supp. 1987), pursuant to which the State Board of Education must "(p)erform all other functions which may now or hereafter be delegated by law."
It must be initially noted in response to your second question that A.C.A. 24-7-411 provides for the State Treasurer's withholding of moneys due "the employer" from the state upon the failure ". . . to make any payment due the system for a period of sixty (60) days after the payment is due." The Board of Trustees is also authorized under this provision to take legal action to compel payment of the delinquent amounts. The term "employer" is defined under 24-7-202(6) as "any school or other educational agency participating in the system." It may therefore be successfully contended that this provision does not apply in the event the contributions required under 24-7-401(d) are not paid from the Public School Fund since these arguably do not constitute payments which are made by an "employer" to the system. A mandamus action would offer a potential alternative remedy. mandamus is a writ to compel or require a state agency or official to perform a specific duty. Chandler v. Perry-Casa Public School District, 286 Ark. 170, 690 S.W.2d 349 (1985).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.