L. Annette WOODRUFF of SCAN Volunteer Services, Inc. *v.* Samantha Lee SHOCKEY

88-296                                                    764 S.W.2d 431

Supreme Court of Arkansas
Opinion delivered February 13, 1989

596

*M. Watson Villines II*, for appellant.

*Michael R. Davis* and *Russell L. "Jack" Roberts*, for appellee.

STEELE HAYS, Justice. This proceeding was brought on behalf of SCAN Volunteer Services, Inc., appellant, seeking a determination that the child of Samantha Shockey, appellee, was

a "dependent-neglected" child. It was further requested that protective services be ordered for the child. The only question for review is whether Ark. Code Ann. § 9-27-344(b)(2) of our Juvenile Code authorizes private agencies such as SCAN, to provide those protective services.

SCAN, which is under contract with the Arkansas Department of Human Services, filed its petition on December 29, 1987. A hearing was held on February 1, 1988, and testimony from two witnesses was presented by the petitioner. The case was then continued as the defendant and other witnesses had not appeared.

During the interim, on March 2, appellee filed a motion to dismiss on the grounds that SCAN had no authority to monitor the protective services. A hearing on the motion was held on March 29, 1988, and after argument by counsel, the court ordered the petition dismissed, finding that SCAN was not authorized to provide protective services under Ark. Code Ann. § 9-27-344(b)(2). SCAN appeals from that order arguing that the trial court's interpretation of the statute is incorrect. We agree.

The statute in question provides:

(b) If a juvenile is found to be a juvenile in need of services,[1] the court may enter an order making any of the following dispositions:

\* \* \*

(2) Place the juvenile under the protective supervision of the Arkansas Department of Human Services or other social service agency;

In its written order, the court found that under the doctrine of ejusdem generis, the term "other social service agency" in § 9-27-344(b)(2) refers to an agency of the State of Arkansas. The court then found that SCAN is not a state agency but rather a private, non-profit corporation, and therefore had no authority to discharge protective supervision orders under the statute.

---

[1] The term, "juvenile in need of services," is not defined in the Juvenile Code, but doubtless refers to a grouping of two of the three classifications of juveniles under the Code—"juvenile in need of supervision," and "dependent-neglected juvenile." See § 9-27-303; 9-27-343; 9-27-344.

■■ The trial court has incorrectly applied the doctrine of ejusdem generis to the statute in this case. The doctrine provides that, "Where general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." 2A Singer, *Sutherland Statutory Construction* § 47.17 (4th ed. 1984). See also, *Jones* v. *State*, 104 Ark. 261, 149 S.W. 56 (1912); *Cherokee Public Service* v. *City of West Helena*, 184 Ark. 38, 41 S.W.2d 773 (1981). The doctrine can only apply however, when certain conditions exist:

> (1) The statute contains an enumeration by specific words; (2) the members of the enumeration suggest a class; (3) the class is not exhausted by the enumeration; (4) a general reference supplementing the enumeration, usually following it; and (5) there is not clearly manifested an intent that the general term be given a broader meaning than the doctrine requires.

*Sutherland Statutory Construction, supra,* § 47.18. While the statute in question meets the fourth requirement in that it contains a general reference, it fails in every other respect to sustain an application of the doctrine.

■ Here there is no enumeration of specifics and, hence, nothing by which to define the limits of a class, or to even suggest that there is a class.

> Thus a class is a generalization which associates items for a particular purpose. Without some objective relationship, classification is arbitrary and meaningless. The purpose for defining the class by illustrative particularizations accompanied by a general catchall reference is to determine how extensively the act was intended or should reasonably be understood to apply.

*Id.* When the enumeration of specifics is deficient as it is in this case, the general term "remains unaffected by its association with the preceding words because the 'language of the statute furnishe[s] no criterion by which to restrict its general words.' " *Sutherland Statutory Construction, supra,* at § 47-20.

■ The statute also fails to meet the requirements of the doctrine because the class has been exhausted. The Department

of Human Services, which under the trial court's interpretation was the specific word defining the class, is the only department in the state system dealing in the area of human services and social welfare. See generally, Ark. Code Ann. §§ 25-2-101 through §§ 25-14-101. "Where the specific words embrace all the persons or objects of the class designated by the enumeration, the general words take a meaning beyond the class. . . . In order to prevent their rejection as surplusage, the general words take an unrestricted meaning on the ground that the legislature, by the addition of general words to an exhaustive enumeration, must have intended that they have meaning outside the class." *Sutherland Statutory Construction, supra*, at § 47.21. See also, *Compton* v. *State*, 102 Ark. 213, 143 S.W. 897 (1911).

■ In light of the inapplicability of ejusdem generis, if there is no ambiguity, we give the term in question its usual and ordinary meaning, and the effect just as it reads. *Chandler* v. *Perry-Casa Public Schools*, 286 Ark. 170, 690 S.W.2d 349 (1985). The statute reads, "social service agency" not "state agency" and we think it means exactly what it says—any other social service agency, whether public or private. The key word is agency. The word is broadly generic, referring to an organization, instrumentality or establishment. It carries no connotation that a division or branch of government is intended. It may more readily suggest a business enterprise, such as advertising agency, real estate agency, employment agency, sales agency, or detective agency. Any intimation of a governmental bureau is even lessened when "social" and "service" are added adjectivally. Webster's New International Dictionary, 2d Edition, defines agency as:

> 1. Faculty or state of acting or of exerting power; action; instrumentality. 2. Office or function of an agent, or factor; reaction between a principal and his agent; business of one entrusted with the concerns of another; as an *agency* for a well-known typewriter; an advertising *agency*, an employment *agency*. 3. The place of business or the district of an agent. Synonyms: action, operation, efficiency, management; intermediation; instrumentality. (Emphasis in original).

Words and Phrases contains literally hundreds of cases

interpreting "agency." Not one suggests the slightest predilection for a governmental instrumentality. See Words and Phrases, Vol. 2A, Permanent Edition.

Thus, to restrict the definition of the term "social service agency" to a branch of state government requires reading something into the phrase which common usage plainly does not embrace.

This interpretation is made even clearer by reading the rest of the statute where alternate dispositions are listed. When the legislature intended to indicate a state agency, it has specifically stated, "an agency of the State of Arkansas." Section 9-27-344(3)(A). Furthermore, it is clear that the legislature put no limitations on the care, supervision or even custody of a juvenile as being only by a state agency. The enumerated dispositions include several alternatives that obviously do not contemplate the involvement of a state agency: Sections 9-27-344(b)(1), 9-27-344(b)(3)(A), 9-27-344(b)(3)(C), 9-27-344(4), and 9-27-344(5).

Another reason exists for SCAN's entitlement to both file and pursue this cause. When its petition was filed, SCAN was, pursuant to Ark. Code Ann. § 9-27-334 (1987), the designee of the Department of Human Services by virtue of a contract dated October 1, 1987, by the terms of which SCAN was obligated to supply certain juvenile services as imposed by law on the Department. While this arrangement renders SCAN primarily responsible for the rendition of such services, it does not relieve the Department of its statutory duty to see that these responsibilities are discharged.

■ We conclude that under the factual allegations of the petition, which are thus far undisputed, we find no basis for construing the term "protective services" in § 9-27-344(b)(2) as requiring only the administration of a state agency.

REVERSED and REMANDED.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I have no dispute with the majority opinion holding that SCAN has standing to being this type of action. However, I cannot, by any stretch of the

imagination, follow the gyrations whereby SCAN becomes a state agency.

An agency of the state of Arkansas could be stretched ad infinitum under the majority view. Any organization offering to take care of poor and unfortunate people would qualify as a provider of protective services under the theory announced by the majority. It was never intended that SCAN be allowed to provide the "protective services" sought in this case. The petitioner is properly before the court only so far as she is a complaining party. For this SCAN should be commended. It should not, however, overstep its bounds of authority and attempt both to petition for protective services and then provide the protective services. It seems to me that this is imposing upon the contract SCAN has with the state; it is certainly bootstrapping SCAN into the position of being a state agency.