Gary D. DOOLEY *v.* HOT SPRINGS FAMILY YMCA,
Hill Construction Co., Inc., and CMM Architects, Inc.

89-221                                                781 S.W.2d 457

Supreme Court of Arkansas
Opinion delivered December 18, 1989

*The McMath Law Firm, P.A.*, by: *James Bruce McMath*,
for appellant.

*Anderson & Kilpatrick*, by: *Overton S. Anderson* and
*Randy P. Murphy*, for appellee Hill Construction Co., Inc.

*Davidson, Horne & Hollingsworth, A Professional Associ-*

*ation*, by: *Cyril Hollingsworth*, for appellee CMM Architects, Inc.

DARRELL HICKMAN, Justice. The question is one of statutory construction. The legislature undoubtedly made a mistake when it created an exception to the usual four year statute of limitations applicable to suits for personal injuries caused by the defective design of construction projects. An exception was intended to be made for those injured during the *fourth* year after substantial completion of such a project, allowing an extra year to bring suit. The legislation actually stated that an exception was being made for those injured during the *third* year after substantial completion of construction.

To give the statute its literal meaning would void the obvious intent of the legislature. The trial court gave the statute its literal meaning and denied the appellant his right to bring suit. We reverse that judgment and remand the case for further proceedings.

The facts are undisputed. Gary D. Dooley, the appellant, broke his neck when he dove into the swimming pool at the Hot Springs Family YMCA. As a result he became a quadriplegic. He sued the YMCA as well as Hill Construction Company, who built the pool and CMM Architects, who designed it.

The accident occurred August 8, 1987. Suit was filed July 26, 1988. The trial judge granted a motion for summary judgment filed by the appellees, Hill Construction Company and CMM Architects, because of the statute of limitation applicable to such suits.

The basic statute, Ark. Code Ann. § 16-56-112(b)(1) (1987), is a four year statute of limitations, and it reads:

> No action in tort or contract, whether oral or written, sealed or unsealed, to recover damages for personal injury or wrongful death caused by any deficiency in the design, planning, supervision, or observation of construction or the construction and repairing of any improvement to real property shall be brought against any person performing or furnishing the design, planning, supervision, or observation of construction or the construction and repair of the improvement more than four (4) years after substantial

completion of the improvement.

However, an exception is made in the very next provision of the statute, Ark. Code Ann. § 16-56-112(b)(2), and it reads:

> Notwithstanding the provisions of subdivision (b)(1) of this section, in the case of personal injury or an injury causing wrongful death, *which injury occurred during the third year after the substantial completion,* an action in tort or contract to recover damages for the injury or wrongful death may be brought within one (1) year after the date on which injury occurred, irrespective of the date of death, *but in no event shall such an action be brought more than five (5) years after the substantial completion of construction of such improvement.* (Emphasis added.)

In this case substantial completion of the project occurred in September, 1983. The injury occurred during the fourth year, not during the third year after completion. Therefore, if the literal meaning of § (b)(2) is applied, Dooley's claim must be dismissed as untimely, because it was filed more than four years after substantial completion. That was the trial judge's decision and we appreciate his reluctance to read into the act that the legislature actually meant to say "during the fourth year" instead of "during the third year." But that has to be the legislature's intent. Because, obviously, if a person is injured during the third year after completion and has only one year from that date to file suit, then suit must be filed within four years after substantial completion. That is what the general limitation is for all such actions. There would be no exception if the legislation is read that way. The intention of the legislature was to honor personal injury claims occuring during the fourth year after substantial completion, otherwise there would be no purpose in making five years the outside limit.

When we interpret legislation, we first have to decide if it is clear or ambiguous. If it is clear, we must apply its clear meaning. *Chandler* v. *Perry-Casa Public Schools Dist. No. 2,* 286 Ark. 170, 690 S.W.2d 349 (1985). But if it is ambiguous, then we must decide what the legislature intended. *Woodcock* v. *First Commercial Bank,* 284 Ark. 490, 683 S.W.2d 605 (1985).

We have said on several occasions that it is our duty to

26

give effect to the true intent of the general assembly even though such intent has not been clearly expressed by the language used. *Woodcock* v. *First Commercial Bank, supra; Steele* v. *Murphy*, 279 Ark. 235, 650 S.W.2d 573 (1983).

In order to give effect to the real intention, we may correct errors by rejecting certain words and substitute others to reconcile apparent inconsistencies. *Langford* v. *Brand*, 274 Ark. 426, 626 S.W.2d 198 (1981). In *Carter* v. *Hartenstein*, 248 Ark. 1172, 455 S.W.2d 918 (1970), we examined the constitutionality of this statute but did not address the issue raised in this case. We did, however, intentionally or otherwise, say:

> This Act only cuts off action after four years. But, even then, if an accident or injury occurs before the expiration of that four year period, it may still be brought within an additional 12 months against those furnishing the design, planning, supervision or observation of construction and repairing of any improvement to real property.

We feel the legislature simply made a mistake and used "third" instead of "fourth" and correct it without hesitation. To do otherwise would be to erase § (b)(2).

Reversed and remanded.