The Honorable Joe Molinaro State Representative 204 Amber Oaks Dr. Sherwood, Arkansas 72120
Dear Representative Molinaro:
This is in response to your request for an opinion regarding the so-called "hamburger tax" levied in the City of Sherwood pursuant to A.C.A. § 26-75-602 (Cum. Supp. 1993).
Correspondence from the city clerk's office, attached to your request, indicates that the City levies a 2% gross receipts tax under this provision on proceeds received by food service industries. The question posed concerns a catering business which, according to the City Clerk's correspondence, prepares most of its food at a rented located in Sherwood. The City Clerk states, however, that there are occasions when some food preparation occurs at the site of the function for which the caterer was hired. For example, fish is fried at the site of the event. The question presented is whether the required tax is to be paid to the City of Sherwood in this situation, or to the city where the event is located.
If the business entity in question in this instance does, in fact, fall within the general class of businesses subject to the hamburger tax, it is my opinion that the tax will in all likelihood be owing to the City of Sherwood regardless of the fact that some of the food is prepared at another location. Section 26-75-602 states in relevant part as follows:
 (a) Any city of the first class may, by ordinance of the governing body thereof, levy a tax not to exceed three percent (3%) upon the gross receipts or gross proceeds identified in subsection (c) of this section.
* * *
 (c) The tax authorized in this subchapter shall be upon any one (1) or more of the following, as specified in the levying ordinance:
* * *
 (2) The portion of the gross receipts or gross proceeds received by restaurants, cafes, cafeterias, delicatessens, drive-in restaurants, carry-out restaurants, concession stands, convenience stores, grocery store-restaurants, and similar businesses as shall be defined in the levying ordinance from the sale of prepared food and beverages for on or off-premises consumption. . . . [Emphasis added.]
You have presented no specific facts regarding this "catering business," other than as noted above. An initial determination must, however, in my opinion, be made as to whether the business falls within the general class of businesses specifically listed in the statute. Under the doctrine ofejusdem generis, "[w]here general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." 2A Singer, Sutherland Statutory Construction § 47.17 (4th ed. 1984). See also Woodruff v. Shockey, 297 Ark. 595, 764 S.W.2d 431
(1989). Thus, in this instance, it must initially be determined whether the catering business in question is in fact similar to "restaurants, cafes, cafeterias, delicatessens, drive-in restaurants, concession stands, convenience stores, [and] grocery store-restaurants. . . ."[1]
It is possible, depending upon the particular facts, that a catering business would not be deemed to fall within this general class of businesses subject to the tax. A determination in this regard will, in my opinion, require a factual review of the caterer's operations. The businesses listed in § 26-75-602(c)(2) would appear to be similar in that each offers prepared food for sale to the public from the premises. The potential difference between a "caterer" and a restaurant, cafe, cafeteria, delicatessen, concession stand, or convenience store is that the caterer may have no restaurant-type operation, i.e., no established location at which food is prepared and sold to the public. A "caterer" is defined in Webster's Seventh New Collegiate Dictionary 132 (1972) as "one who prepares food and service for a social affair." A "restaurant" is "a public eating place." Id. at 732.
On the other hand, the catering business could conceivably be part of a business operation that is, in fact, similar to a restaurant. For instance, if the business in question operates a restaurant or a restaurant-type facility and it also caters, then the catering business may be part of the restaurant or restaurant-type business such that it falls within the type of businesses listed in § 26-75-602. If that is the case, then the fact that some food preparation occurs off the premises will be irrelevant, in my opinion. There will be a sale of prepared food, in that instance, by a restaurant or a similar business.
Whether such a sale has in fact occurred, however, will require a case-by-case determination. I lack sufficient facts to make any conclusive determination in this regard with respect to the catering business in question. The taxing authority, i.e., the city clerk, must undertake the necessary factual analysis. The foregoing offers general guidance in making that review.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The levying ordinance should also be referenced to determine whether any "similar businesses" listed therein (see § 26-75-602(c)(2), above) cover this business.