The Honorable Stanley Russ State Senator Post Office Box 787 Conway, Arkansas 72032
Dear Senator Russ:
This is in response to your request for an opinion on the following question:
 Is it lawful for the County Judge to release 911 addresses to other emergency personnel, such as rural fire departments, for purposes of familiarizing themselves with their fire districts and for billing residents membership fees?
The Arkansas Freedom of Information Act (the "FOIA") establishes a general rule that public records are open to inspection and copying. A.C.A. § 25-19-105(a) (Cum. Supp. 1993). This office has previously opined that A.C.A. § 12-10-317 (Cum. Supp. 1993) appears to create an exception to this general rule with respect to certain information forwarded by service providers to public safety answering points in connection with the operation of a 911 system. See Ops. Att'y Gen.94-100, 93-126, and 90-236. Arkansas Code Annotated § 12-10-317(a)(2) provides:
 Subscriber information provided in accordance with this subsection shall be used only for the purpose of responding to requests for emergency service from public or private safety agencies, for the investigation of false or intentionally misleading reports of incidents requiring emergency service response, or for other lawful purposes.
Accordingly, "subscriber information"[1] is not generally subject to public inspection and copying, but may be released and used for the purposes set forth above (i.e., responding to requests, investigating false reports, and "other lawful purposes"). The answer to your question therefore depends upon whether the purposes set forth in your request constitute one or more of the uses for which "subscriber information" may lawfully be released pursuant to A.C.A. § 12-10-317(a)(2).
In Op. Att'y Gen. 94-100 (copy attached), this office opined that subscriber information may be released to police departments if the information is to be used for official purposes. The opinion continued:
 This conclusion follows from the statutory construction doctrine of "ejusdem generis," under which general words are construed to embrace only objects similar in nature to those objects enumerated by preceding specific words. See generally Woodruff v. Shockey, 297 Ark. 595, 598, 764 S.W.2d 431 (1989), citing 2A Singer, Sutherland Statutory Construction § 47.17 (4th ed. 1912). Law enforcement reasonably falls within the same general object or purpose as those specifically mentioned in subsection (a)(2) of § 12-10-317.
In my view, it is necessary and appropriate for a rural fire department or similar body providing emergency services to familiarize itself with its district in order to enhance its ability to respond quickly and efficiently to requests for emergency service. Further, if such a body is funded in whole or significant part by membership fees, it must employ an efficient and effective method of billing and collecting such fees in order to maintain and improve its level of service. It is my opinion, then, that these activities of a rural fire department or similar body providing emergency services fall within the same general object or purpose as those specifically mentioned in A.C.A. § 12-10-317(a)(2), and therefore that subscriber information may be released to such entities to be used for such activities and purposes.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] This office has opined that "subscriber information" includes the telephone number and address of any telephone used to make a 911 call, and probably other information such as the name of the subscriber, to the extent such other information actually is forwarded by a service provider to a public safety answering point pursuant to A.C.A. § 12-10-317(a)(1). Ops. Att'y Gen. 94-120, 94-100.