The Honorable Jerry Bookout State Senator 1717 James Jonesboro, AR 72401 The Honorable Paul Bookout State Representative 2104 Catharine Drive Jonesboro, AR 72040
Dear Senator Bookout and Representative Bookout:
I am writing in response to your request for an opinion on the following questions concerning Act 462 of 2003:
 1. Does Act 462, which amended Arkansas Code Annotated 6-17-114(a), require school districts to provide a minimum of 200 minutes per week to their classroom teachers for planning and preparation purposes that must be scheduled only in 40-minute increments?
 2. Can the language contained in Arkansas Code Annotated 6-17-114(a)(1) be construed separately from language contained in Arkansas Code Annotated 6-17-114(a)(2) for the purposes of implementing Act 426?
 3. Since the effective date of Act 462 occurs after the start of a new fiscal year but prior to actual resumption of classes in the fall, are school districts legally required to immediately incorporate the provisions of Act 462 into their personnel policies?
 4. Although Act 462 does not specifically authorize the Arkansas Department of Education to develop rules and regulations concerning implementation of the act, can the Department develop such rules and regulations? If so, what is the legal basis for this action?
RESPONSE
It is my opinion in response to your first two questions that the teachers' daily planning time under a school district's planning period policy must be provided in increments of no less than forty (40) minutes, and that subsections (a)(1) and (2) of A.C.A. § 6-17-114, as amended by Act 462 of 2003, must be construed together, as well as with reference to the remainder of the statute. The answer to questions 1 and 2 is therefore "no," in my opinion. It is my opinion that the answer to your third question is "yes." The answer to your fourth question is generally "no," in my opinion. I have found no authority for the Department of Education to develop rules and regulations to implement Act 462. The State Board of Education could, however, in my opinion, conceivably develop guidelines concerning the Act's implementation. But I believe it is ultimately up to each school district to individually tailor a planning period policy in accordance with its own desired requirements.
Question 1 — Does Act 462, which amended Arkansas Code Annotated6-17-114(a), require school districts to provide a minimum of 200 minutesper week to their classroom teachers for planning and preparation purposesthat must be scheduled only in 40-minute increments?
Arkansas Code Annotated § 6-17-114(a), as amended by Act 462 of 2003, provides as follows:
 (a)(1) Effective beginning the 2003-2004 school year, each school district in this state shall provide a minimum of two hundred (200) minutes each week for each teacher to schedule time for conferences, instructional planning, and preparation for all classroom teachers employed by the district.
 (2) The planning time shall be in increments of no less than forty (40) minutes. [Emphasis added.]
The above-emphasized language is clear. In response to your question, there is no requirement that the planning time be scheduled only in 40-minute increments. Rather, the act establishes a minimum of 40 minutes.
Question 2 — Can the language contained in Arkansas Code Annotated6-17-114(a)(1) be construed separately from language contained inArkansas Code Annotated 6-17-114(a)(2) for the purposes of implementingAct 426?
I am uncertain as to the exact focus of this question. However, it is well established that in determining legislative intent, each section of a statute must be read in light of every other section. See generallyChism v. Phelps, 228 Ark. 936, 311 S.W.2d 297 (1958). The answer to this question is therefore "no." Subparagraphs (1) and (2) of subsection (a) must be read together.
Question 3 — Since the effective date of Act 462 occurs after the startof a new fiscal year but prior to actual resumption of classes in thefall, are school districts legally required to immediately incorporatethe provisions of Act 462 into their personnel policies?
It is my opinion that the answer to this question is "yes," based upon a reading of A.C.A. § 6-17-114 as a whole. As amended by Act 462 of 2003, subsection (a)(1) of § 6-17-114 requires that "[e]ffective beginning the 2003-2004 school year, each . . . district shall provide" the teacher planning time. And in accordance with subsection (c) (which was unamended by Act 462), the districts "shall implement the requirements of [6-17-114] in accordance with § 6-17-201 et seq. [the personnel policies statutes]." A.C.A. § 6-17-114 (c) (Supp. 2001). In my opinion, these provisions mandate that the planning time required by the 2003 amendments must be provided in the 2003-2004 school year; and that the planning period must be a part of each school district's individually-tailored personnel policies which, pursuant to A.C.A. § 6-17-204(a) (Supp. 2001) are incorporated as terms of the certified personnel contracts.
I recognize in this regard that the personnel policy statutes require a vote in order for "changes or additions" to the personnel policies to be effective before the next fiscal year. Arkansas Code Annotated §6-17-204(b) (Supp. 2001) states:
 (b)(1) Any changes or additions to the personnel policies shall not be considered a part of certified personnel contracts until the next fiscal year.
 (2)(A) Any changes or additions to the personnel policies may take effect before the next fiscal year only if the changes or additions are approved by a majority of the certified personnel employed by the district voting by secret ballot.
 (B) The voting and counting shall be conducted by the personnel policy committee.
 (3) All changes or additions to the personnel policies or new personnel policies shall be made in accordance with this subchapter.
In my opinion, these provisions do not extend to the planning period requirements imposed under A.C.A. § 6-17-114. According to the subsection (b)(1) of § 6-17-204, set out above, "changes or additions to the personnel policies shall not be considered a part of certified personnelcontracts until the next fiscal year." (Emphasis added). As you can see, the vote requirement is an exception to this basic limitation regarding the effective date of any "changes or additions." It is my opinion that this language in § 6-17-204 cannot encompass the requirements imposed by § 6-17-114, which is clear in stating that each school district shall provide the teacher planning time "effective beginning the 2003-2004 school year." A.C.A. § 6-17-114(a)(1), supra (as amended by Act 462 of 2003). As a general rule, absent legislative history to the contrary, a statute is given effect just as it reads and legislative purpose is determined from the plain meaning of the statutory language. Chandler v.Perry-Casa Public Schools Dist. No. 2, 286 Ark. 170, 690 S.W.2d 349
(1985). I believe it is clear, following this precept, that the planning period requirements under § 6-17-114 apply to the 2003-2004 school year. Because these requirement cannot be reconciled with the fiscal year limitation placed on "changes or additions" under § 6-17-204, it is my conclusion that § 6-17-204 is inapplicable, and that there is no vote requirement associated with the planning period policy that must be formulated for the 2003-2004 school year.
Question 4 — Although Act 462 does not specifically authorize theArkansas Department of Education to develop rules and regulationsconcerning implementation of the act, can the Department develop suchrules and regulations? If so, what is the legal basis for this action?
I have found no authority for the proposition that the Department of Education has regulatory powers with respect to Act 462 of 2003. It should perhaps be noted, however, that the State Board of Education, which is part of the Department of Education (see A.C.A. § 25-6-102
(Repl. 2002)), has "general supervision" of the public schools. A.C.A. §6-11-105(a)(1) (Repl. 1999). And among the State Board's various powers and duties is the authority to "[t]ake such other action is it may deem necessary to . . . promote the organization and increase the efficiency of the public schools of the state[.]" Id. at subsection (a)(9). These provisions could, as a general proposition, provide a basis for the development of guidelines concerning the implementation of Act 462 of 2003. In the final analysis, however, it is up to each school district to formulate a planning period policy as part of its individually-tailored personnel policies.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh