The Honorable Randy Laverty State Senator Post Office Box 165 Jasper, AR 72641
Dear Senator Laverty:
You have requested my opinion on the following question concerning A.C.A. § 14-20-108, which establishes a procedure for calling an election on the issue of the levy of volunteer fire department dues:
 Can a fire chief and his officers make a request that this issue be placed on the ballot without the approval of the board of directors of the fire department?
RESPONSE
Although the statute is far from clear, it is my opinion that the answer to this question is in all likelihood "no." If faced with the question, I believe a court would likely conclude that a request for an election on the levy of the fire department dues must be signed by the fire chief and the board of directors of the department.
Section 14-20-108 provides in relevant part as follows:
 When any county quorum court receives a request for the levy of volunteer fire department dues, if the request has been signed by the fire chief and all other officers of a volunteer fire department and duly filed with the county clerk, the quorum court by ordinance shall call for an election on the issue of the levy of the volunteer fire department dues on each residence.
A.C.A. § 14-20-108 (a)(1)(B)(i)(a) (Supp. 2003) (emphasis added).
The answer to your question turns on the meaning of the phrase "all other officers of a volunteer fire department." While one might at first glance assume this to mean those firefighters who, like the chief, have positions of command in the department, uncertainty arises when it is realized that A.C.A. § 14-20-108 applies to volunteer fire departments that are organized as private nonprofit corporations to provide fire protection services. See Ops. Att'y Gen. 2004-224, 2002-032, and 96-114. The statute refers only to "active members of the volunteer fire departments" when referencing those who provide services to such a private fire department.[1] This prompts the question: Who was the legislature referring to when it employed the phrase "all other officers" of such an organization?
In interpreting this language, I must follow the Arkansas Supreme Court's stated rules of statutory construction. The court has said many times that the basic rule of statutory construction is to give effect to the intent of the legislature, and that such intent is to be gathered from the plain meaning of the language used. Bond v. Lavaca School District,347 Ark. 300, 64 S.W.3d 249 (2001), citing Hercules, Inc. v. Pledger,319 Ark. 702, 894 S.W.2d 576 (1995). The words used are to be given their ordinary and usually accepted meaning in common usage. Mountain HomeSch. Dist. v. T.M.J. Builders, 313 Ark. 661, 858 S.W.2d 74 (1993); Boldenv. Watt, 290 Ark. 343, 719 S.W.2d 428 (1986). And where the language is clear, a court must apply its clear meaning without considering matters outside the language itself. Dooley v. Hot Springs Family YMCA,301 Ark. 23, 781 S.W.2d 457 (1989). But if the language is ambiguous, it is appropriate in ascertaining the intent of the legislature to consider not only the language of the statute, but also other factors such as the subject matter, the object to be accomplished, the purpose to be served, the underlying policies, the remedies provided, and the consequences of various interpretations. Id. See also generally Mississippi RiverTransmission Corp. v. Weiss, 347 Ark. 543, 550, 65 S.W.3d 867 (2002);Arkansas State Highway Commission v. Mabry, 229 Ark. 261, 315 S.W.2d 900
(1958).
When applying the above guiding principles to the language in question, I find the phrase "all other officers of a volunteer fire department" to be ambiguous due to the variety of meanings that may be ascribed to the term "officer." As stated by the Arkansas Supreme Court:
 The word `officer' has a variety of meanings. In military parlance an `officer' is distinct from an enlisted person. In law enforcement matters any policeman or sheriff is referred to as an `officer.' In constitutional matters certain designated officials are called officers, while others are called employees. Term, tenure, oath and various other tests have been employed to determine the distinction between an officer and an employee. [Citation omitted.] But in said 1397 [Pope's Digest], here under consideration, we think the word `officer' was used as in the definition shown in Webster's Dictionary, i.e.: `one who holds an office; specif.: a person lawfully invested with an office, whether civil, military, or ecclesiastical, and whether under the state or a private corporation or the like; as, a church officer, a police officer; . . .'
Downey v. Toler, 214 Ark. 334, 336, 216 S.W.2d 60 (1948).
It is thus apparent that the word "officer" has no single, usually accepted meaning. In determining what meaning to ascribe the term as used in A.C.A. § 14-20-108, a court might employ statutory construction aids to ascertain the legislative intent. One of these aids is the "old and settled" doctrine of "ejusdem generis" (see Cherokee Public Service Co.v. City of West Helena, 184 Ark. 38, 44, 41 S.W.2d 773 (1931)), under which general descriptive words are construed to embrace only objects similar in nature to those objects enumerated by preceding specific words. See generally Woodruff v. Shockey, 297 Ark. 595, 598,764 S.W.2d 431 (1989) citing 2A Singer, Sutherland Statutory Construction § 47.17 (4th ed. 1984). Applying this doctrine to the language of A.C.A. § 14-20-108 (a)(1)(B)(i)(a) would mean that the general words "all other officers of a volunteer fire department" include only officers similar to a "fire chief." In my opinion, however, this does not decide the question, given the absence of any reference point in state law for identifying "officers" who are similar to the fire chief in the structural organization of a private nonprofit volunteer fire department. As noted, § 14-20-108
applies to private nonprofit volunteer fire departments. Such departments have no established structure under state law, but rather are simply created under the general law authorizing the creation of all types of nonprofit corporations. Cf. Op. Att'y Gen.98-148. They are referred to elsewhere in the statutes as "membership fee-based private fire departments." A.C.A. § 20-22-802 (4) (Supp. 2003) (part of the legislation addressing certification of fire departments). Presumably, the department's corporate bylaws address such matters as the volunteer fire department's organization and operating procedures. Consequently, although you refer in your question to "the fire chief and his officers," and while the fire department's structure might be such that there are members who serve as "officers," this presumably is by virtue of the particular department's structure, perhaps as established pursuant to the corporate bylaws.[2]
Another construction aid is the principle of interpretation known asnoscitur a sociis. This doctrine translates literally to "it is known from its associates." Practically applied, it means that a word can be defined by the accompanying words. See generally McKinney v. Robbins,319 Ark. 596, 892 S.W.2d 502 (1995); Weldon v. Southwestern Bell TelephoneCo., 271 Ark. 145, 607 S.W.2d 395 (1980). It can have the effect of limiting the scope of general language to the specific language of its context. Weldon, supra; see also Op. Att'y Gen. 2004-043. Applied to A.C.A. § 14-20-108 (a)(1)(B)(i)(a), this rule of construction may also support the conclusion that the term "other officers" means those officers like the fire chief. Again, however, uncertainty attends the identification of those "officers."
Downey v. Toler, supra, suggests that the court will consider the particular context in which the term "officer" is used in order to ascertain its meaning. In Downey, the question was whether members of the Arkansas State Police were "state officers" within the purview of a venue statute. The court determined that they were after examining the act creating the Department of Arkansas State Police. The court applied the Webster's definition and concluded: "[i]n short, Arkansas State Police are under the control of the State; they represent the State government, and — within the limits of the said act — they are Statewide law enforcement officials." Id. at 337-38.
In considering the relevant language in A.C.A. § 14-20-108, supra, the court might similarly conclude that the legislature used the term "officer" consistent with the dictionary definition.[3] This may reasonably follow from the subject matter of the statute, and more particularly the absence of any discernable meaning based on the context in this instance, which involves fire departments formed as private, nonprofits. With this in mind, a court might well be persuaded that the legislature used the term "officers" in § 14-20-108 in the sense of those who are lawfully invested with an office in the private corporation formed to provide the fire protection services. See Webster's definition, supra. This clearly would be the board of directors. I am less certain whether it follows that the legislature also intended to include anyone who might hold a position of command in the particular department's organization. See generally BLACK'S LAW DICTIONARY, supra at n. 1. The statute's purpose, as well as the consequences of a more narrow interpretation of "officers," probably buttresses the conclusion regarding the board of directors. The legislature may reasonably have intended to give the fire department's board a voice in determining whether there should be an election on the question of levying dues on each residence, particularly in light of the fact that the department bears the cost of such an election. 14-20-108(a)(1)(B)(ii)). This same rationale does not necessarily extend, however, to the "active members of the volunteer fire departments." A.C.A. § 14-20-108 (a)(3), supra at n. 1.
It is my conclusion, based on the foregoing, that the approval of the board of directors of the corporation formed to provide fire protection services is in all likelihood a prerequisite to a request under A.C.A. §14-20-108 for the levy of volunteer fire department dues. The fire chief and his "officers," whoever those individuals might be, may also sign the request. In my opinion, however, the statute is reasonably construed to require the signatures of the fire chief and the members of the department's board of directors.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Subsection (a) (3) of § 14-20-108 states that "active members of the volunteer fire departments whose annual or quarterly dues are collected in this manner may, at the discretion of the volunteer fire department, be exempt from the annual or quarterly dues charged by the department in consideration of providing services to the department."
[2] I have found only one provision in state law referring to any ranking for "volunteer fire fighters." Arkansas Code Annotated §20-22-202 requires the appointment of "one (1) volunteer fire fighter below the rank of chief" to the State Fire Prevention Commission. A.C.A. § 20-22-202 (a)(3)(A) (Repl. 2000). This plainly offers no guidance or suggestion regarding the existence of any further chain of command beyond the fire chief in a private fire department.
[3] BLACK'S LAW DICTIONARY 977 (5TH ed. 1979) defines "officer" as "[p]erson holding office of trust, command or authority in corporation, government, armed services or other institution or organization."