ALTUS COOPERATIVE WINERY *v.* MORLEY, COMMISSIONER OF REVENUES.

4-9414                                        237 S. W. 2d 481

Opinion delivered March 5, 1951.

Rehearing denied April 2, 1951.

*John Cravens, Jeta Taylor* and *Mark E. Woolsey,* for appellant.

*O. T. Ward* and *H. Maurice Mitchell,* for appellee.

GEORGE ROSE SMITH, J. The only question in this case is whether an agricultural cooperative association, organized under Ark. Stats. 1947, Title 77, Ch. 10, is entitled to manufacture wine from grapes grown by its members, and sell the wine at wholesale, without paying the privilege taxes imposed by the State upon other wineries. To test this question the appellee, as Commissioner of Revenues, brought this suit to collect the taxes in question from the appellant. The winery defended the case upon the ground that as an agricultural cooperative it is exempt from all taxes except ad valorem property taxes and its annual franchise tax of $10. § 77-1023. The judgment below was for the Commissioner.

We agree with the trial court. Under the statute an agricultural cooperative association is relieved of license and privilege taxes, but to be free of those burdens the association must be acting within the powers granted to it. Those powers include the following activities in connection with agricultural products: "Producing, marketing, selling, harvesting, dairying, preserving, drying, processing, canning, packing, milling, ginning, compressing, storing, transporting, handling, or utilization." § 77-1006.

It will be observed that of the seventeen words we have quoted, fifteen pertain to the most fundamental processing of agricultural products. All crops must be produced, harvested, handled, transported, and sold. Vegetables must be preserved by drying, canning, or packing. Cotton must be ginned and compressed; wheat and rice must be milled; and so with the other elementary activities that are mentioned.

The appellant relies upon the other two words, "processing" and "utilization", to support its argument that the conversion of grapes into wine is an activity contemplated by the statute. But under the familiar rule

of *noscitur a sociis* these two words of general import are restricted by the limited sense of their context. Sutherland, Statutory Construction, (3d Ed.) § 4908. The association's processing and utilization of its agricultural products must be confined to activities similar to the basic operations named in the statute.

We think it clear that the manufacture of wine does not come within the purview of the statute. In its brief the appellant gives an interesting history of wine-making and of the growth of cooperative associations, but it is more pertinent to examine our own legislative experience. The making of intoxicants, when lawful, has long been closely regulated by the State and has long been treated as a source of revenue by taxation. Unlike the activities of common right that are enumerated in the statutes relating to cooperatives, the manufacture of intoxicants is a privilege to be exercised only under strict governmental supervision. We are not convinced that the legislature chose the words "processing" and "utilization" as a means of empowering cooperative associations to enter a field so foreign to their agricultural activities.

Affirmed.