## Carolin WELDON *v.* SOUTHWESTERN BELL TELEPHONE COMPANY

80-244                                       607 S.W. 2d 395
Supreme Court of Arkansas
Opinion delivered November 17, 1980

*Guy H. Jones, Phil Stratton, Guy Jones, Jr.* and *Casey Jones*, by: *Guy H. Jones*, for appellant.

*Gary T. Hartman* and *D. D. Dupre*, for appellee.

DARRELL HICKMAN, Justice. The only question in this appeal is one of statutory construction.

Carolin Weldon claimed that she was injured when she stepped into a hole where a water meter was located. A suit was filed against Southwestern Bell Telephone Company because the accident took place on Southwestern Bell property. The meter belonged to the local water company, the Conway Corporation. The complaint alleged that the meter had either been removed or the lid was off of it and the grass had grown up concealing the hole.

The suit was filed almost three years from the date of the accident. Southwestern Bell defended by claiming that a two year statute of limitations barred this suit. If that statute is applicable, Southwestern Bell is correct. The statute reads:

> Limitation of Actions. – No suit shall be brought against any telephone company or cooperative by the reason of the maintenance of telephone lines, poles, and fixtures, on any real property, or with any right-of-way of any public way, unless it is commenced within two [2] years after the cause of action has accrued; provided, that such causes of action not barred by a statute of limitation at the time of the passage of this act [§§ 77-1601 – 77-1639] shall not be sued on more than two [2] years thereafter.
> Ark. Stat. Ann. § 77-1636.

The trial court granted the motion to dismiss after hearing arguments by Southwestern Bell that the word "fixtures" in the statute was not limited to telephone fixtures but applied to any fixture located in a right-of-way. The appellant argues that the statute means telephone fixtures and since this was a water meter, the statute should not apply. We agree with the appellant.

We apply the doctrine of *noscitur a sociis* which, in literal translation, means "it is known from its associates," and in practical application means that a word may be defined by an accompanying word. In *Altus Cooperative Winery* v. *Morley, Commissioner of Revenues*, 218 Ark. 492, 237 S.W. 2d 481 (1951), the cooperative sought to manufacture wine. We found that seventeen words in the statute, such as "producing, marketing, selling, harvesting . . .", were confined to activities associated with agricultural products. In the present case we would have to say that the General Assembly should have said "telephone lines, telephone poles and telephone fixtures" for appellee to prevail. The statute did not intend to limit any cause of action resulting from the maintenance of any fixture located on a telephone company right-of-way. It only intended to apply to "telephone fixtures."

Reversed.