The People of the State of New York ex rel. Henry V. Capalongo, III, Appellant, v Robert L. Howard, as Sheriff of the County of Tompkins, Respondent.

Third Department, June 10, 1982

APPEARANCES OF COUNSEL

*Raymond M. Schlather* for appellant.

*Benjamin J. Bucko, District Attorney* (*Robert C. Mulvey* of counsel), for respondent.

OPINION OF THE COURT

Weiss, J.

The pertinent facts are essentially undisputed. In February, 1979, petitioner was arrested in Tompkins County for armed robbery. On the basis of a Bench warrant dated May 26, 1978, charging petitioner with a violation of probation and issued by the State of Maryland before the Tompkins County arrest, a detainer was lodged with the Tompkins County Sheriff. Petitioner entered a plea of guilty to attempted robbery in the second degree, and on November 3, 1980 was sentenced to a definite term of imprisonment of one year. On December 5, 1980, petitioner served the Tompkins County Sheriff with a request for final disposition of the subject probation violation in accordance with CPL 580.20 ("Interstate Agreement on Detainers"). Al-

though proper notice was served upon the Maryland authorities, no disposition of the probation violation was made by Maryland within the required 180-day period, nor was a continuance of the detainer obtained. Petitioner was released from the Tompkins County Jail on June 18, 1981, and was promptly arrested pursuant to a New York State Governor's warrant based on the alleged Maryland probation violation. On June 16, 1981, petitioner applied for a writ of habeas corpus contending that the violation underlying the New York State Governor's warrant should be dismissed since the State of Maryland failed to comply with the provisions of the detainer agreement. Following a hearing, the court dismissed petitioner's writ holding that the statute did *not* apply to a detainer based on a violation of probation. This appeal ensued.

The narrow issue presented herein is whether a warrant predicated upon a probation violation constitutes an "untried indictment, informatioı. or complaint" within the ambit of CPL 580.20. The issue is novel in this State, and while other jurisdictions have considered the question, the results have not been definitive (compare *Suggs v Hopper,* 234 Ga 242, with *Gaddy v Turner,* 376 So 2d 1225 [Fla]).

The Agreement on Detainers is an interstate compact to which both Maryland and New York are signatories. Article III provides, in relevant part, that where a detainer is lodged against a prisoner based upon an untried indictment, information or complaint of another State, the prisoner, upon request, must be brought to trial on the untried charges within 180 days (CPL 580.20, art III, subd [a]). Failure to accord a timely trial mandates dismissal of the underlying charge (CPL 580.20, art III, subd [d]; *People v McBride,* 44 NY2d 1001; *People v Conway,* 74 AD2d 582). The compact is designed to standardize interstate rendition procedures in order to protect the inmate's right to speedy trial and reduce any uncertainties which might obstruct programs of prisoner treatment and rehabilitation (see *United States v Mauro,* 436 US 340; *People v Diaz,* 94 Misc 2d 1010; *Matter of Baker v Schubin,* 72 Misc 2d 413).

Petitioner maintains that since the detainer in question subjects him to many of the uncertainties faced by an inmate subject to an "untried indictment, information or

complaint", he is entitled to the protection of the statute (accord *Gaddy v Turner,* 376 So 2d 1225 [Fla], *supra; Thomlinson v Liburdi,* 380 A2d 105, 108 [Conn]; *State v Black,* 594 SW2d 738 [Tenn]). Respondents argue that the statute is inapplicable since petitioner does not face a trial but rather merely faces resentencing upon a probation violation (accord *Wainwright v Evans,* 403 So 2d 1123 [Fla] [parole warrant]; *State v Knowles,* 275 SC 312 [permanent Bench warrant after conditional revocation of probation]; *Suggs v Hopper,* 234 Ga 242, *supra* [probation violation warrant]; *Sable v State of Ohio,* 439 F Supp 905 [parole violation warrant]; *Buchanan v Michigan Dept. of Corrections,* 50 Mich App 1 [parole violation detainer]; *Haley v State of Maryland,* 47 Md App 45 [postconviction proceedings]; see, also, Ann., 98 ALR3d 160, 183-185).

In his brief, petitioner further contends he was denied a conditional release and participation in a work-release program due to the Maryland detainer, a result the statute was clearly designed to prevent. He argues that the principal concern should be the detainer's effect on an inmate's status, regardless of the nature of the untried charges (*Gaddy v Turner, supra,* p 1227). That argument is appealing, but not persuasive.

In our view, petitioner's reliance on the statute is misplaced since, by its express terms, as noted above, it applies only to a detainer based on an untried indictment, information or complaint. We recognize that the statute commands a liberal construction (CPL 580.20, art IX), but a judicially created extension to include probation violations extends the scope beyond mere liberal construction (see *People v Randolph,* 85 Misc 2d 1022, 1024). Substantive changes should await legislation by the signatory States (see Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 580.20, p 135). Moreover, the nature of a probation violation does not command a different result. Essentially, the violation merely results in resentencing, and does not constitute a new complaint.* The

---

* The decisions in *Thomlinson v Liburdi* (*supra*) and *State v Black* (*supra*), relied on by petitioner, are readily distinguished on the facts since in each of these cases the detainer was premised on a charge of escape, which clearly constitutes a new, untried complaint within the meaning of the compact.

compact contemplates a speedy trial upon an indictment, information or complaint. Since petitioner had entered a plea of guilty on the charge underlying the original sentence of probation, the warrant may not properly be classified as "untried" within the meaning of the statute. Petitioner would not be entitled to a trial. Pertinent in this regard is the decision of *People v Batalias* (35 AD2d 740, 741), where, although dismissing the appeal on other grounds, the court noted that "a charge of violation of probation is not an 'untried indictment, information or complaint' within the meaning of [former] section 669-a of the Code of Criminal Procedure". We agree with this construction of the statute and, based on the foregoing, conclude that petitioner's writ was properly dismissed.

The judgment should be affirmed, without costs.

MAHONEY, P. J., SWEENEY, KANE and LEVINE, JJ., concur.

Judgment affirmed, without costs.