Sterling BOSTON *v.* STATE of Arkansas

CR 97-589                                  952 S.W.2d 671

Supreme Court of Arkansas
Opinion delivered October 9, 1997

*William R. Simpson, Jr.*, Public Defender, by: *Deborah H. Sallings*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly Terry*, Asst. Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice.  Appellant Sterling Boston was convicted in violation of Ark. Code Ann. § 5-73-120

(Supp. 1995), the unauthorized carrying of a weapon. An officer approached Boston while he was sitting in his taxicab and asked for his license and registration. The officer requested that Boston get out of the vehicle; upon getting out, Boston informed the officer that he had a weapon in his back pocket. The officer arrested Boston for carrying a weapon without a license. Boston appeals the conviction claiming that the statutory defense for carrying a weapon in one's place of business authorized Boston's carrying the weapon in his taxicab because this was his place of business.

This case involves interpretation of the Arkansas Code and whether the term "business" includes a taxi cab or any motor vehicle used for commercial purposes. Specifically, Ark. Code Ann. §5-73-120 provides:

> (a) A person commits the offense of carrying a weapon if he possesses a handgun, knife, or club on or about his person, in a vehicle occupied by him, or otherwise readily available for use with a purpose to employ it as a weapon against a person.
>
> . . . .
>
> (c) It is a defense to a prosecution under this section that at the time of the act of carrying:
>
>> (1) The person is in his own dwelling, place of business, or on property in which he has a possessory or proprietary interest.

There is no definition of the term "place of business" in this statute.

Appellant contends that a vehicle should be considered a "business" in certain instances for purposes of §5-73-120(c)(1); although this specific code section does not define the term "place of business," appellant contends that a definition in the commercial burglary statute should be persuasive. Ark. Code Ann. § 5-39-101 (2)(A) criminalizes commercial burglary; this statute defines "commercial occupiable structure" as any "vehicle where any person carries on a business or calling." Relying upon the definition contained in the commercial burglary statute, appellant argues that his cab should be considered a business for Ark. Code Ann. §5-73-120(c)(1).

In subsection (a) of §5-73-120, the legislature clearly criminalized the carrying of a weapon in "a vehicle." Appellant relies on the term "business" in the exemptions to the rule found in subsection (c)(1). However, the specific language of that section exempts certain areas clearly relating to real property. Specifically, (c)(1) excludes from criminal prosecution the carrying of a gun in a person's "own dwelling, place of business, or on property in which he has a possessory or proprietary interest." The plain meaning of this exception does not include automobiles, nor is there general language which suggests that the list is expandable.

■ ■ The fundamental rule in considering the meaning of a statute is to construe the meaning of the statute just as it reads, giving the words their ordinary and usually accepted meaning. *Rush v. State*, 324 Ark. 147, 151, 919 S.W.2d 933 (1996). The rule of construction applicable in this case is *nonscitur a sociis*. This doctrine means "it is known from its associates." The practical application means that a word can be defined by accompanying words. *See, McKinney v. Robbins,* 319 Ark. 596, 892 S.W.2d 502, *citing Weldon v. Southwestern Bell Telephone Co.*, 271 Ark. 145, 607 S.W.2d 395 (1980).

■ The exemption for a "business" is contained in a subsection of the statute which pertains to real property; therefore, we conclude that the legislature did not intend for this exception to include automobiles. In three of the other exemption sections, the legislature created exceptions in instances where a person was in an automobile. In §5-73-120 (c)(8), a person is free to carry a weapon in an automobile if he or she has a license to carry a concealed weapon. In §5-73-120 (c)(4) persons may carry weapons when on a journey and in §5-73-120 (c)(6) while traveling to and from hunting. It is clear that the legislature considered vehicles when it crafted the exemptions. If the legislature had intended for a vehicular business to be included, it would have specified. This is particularly clear given the fact that the legislature has utilized such a definition before, in the commercial burglary section.

■ We apply the principle of construction *nonscitur a sociis*, and we hold that the word "business" does not include vehicular

businesses. Therefore, the statute does not provide a defense to Boston, and the trial court is affirmed.

Affirmed.