OPINION OF THE COURT
Arlene D. Goldberg, J.
Petitioner is currently incarcerated in New Jersey on a pending criminal charge. Respondent has lodged a warrant for petitioner’s ultimate return to New York State to answer charges that he has violated the terms of his parole supervision, administered by respondent. Petitioner has filed this pro se habeas corpus petition seeking petitioner’s production before respondent, pursuant to the Interstate Agreement on Detain-ers, to answer the violation charges or, in the alternative, for *419 the warrant to be lifted. Respondent opposes the granting of such relief.
Procedural History[1]
Defendant was convicted of criminal possession of a controlled substance in the second degree in New York County Supreme Court on December 8, 1998 and sentenced to an indeterminate sentence of 3 years to life. After serving a portion of this sentence in a New York State correctional facility, petitioner was released on July 29, 1999 to parole supervision status. One of the conditions of petitioner’s release was that he report on a weekly basis to one of respondent’s offices located at 119 West 31st Street, New York, New York. According to respondent, petitioner failed to appear at respondent’s office on any date after September 14, 2001. On September 18, 2001, respondent issued a warrant for retaking and detaining petitioner (the warrant) for this violation.
On November 14, 2001, petitioner was arrested in New Jersey on unrelated charges. Between September 18 and November 14, respondent had not detained petitioner on the warrant. Petitioner has been incarcerated in New Jersey since his arrest on November 14. On some date after November 14, respondent lodged the warrant with New Jersey to ensure petitioner’s return to New York to answer respondent’s charges upon his release from New Jersey custody. Petitioner pleaded guilty to the New Jersey charges on February 4, 2002 in return for a promised sentence of 3 to 5 years’ incarceration. Petitioner is not scheduled to appear before respondent until after petitioner has completed his New Jersey sentence. Petitioner now moves for his immediate production in New York to answer respondent’s charges.
Legal Analysis
Petitioner contends that the Interstate Agreement on De-tainers (IAD) entitles him to immediate production in New York to resolve the parole violation matter. The IAD is a joint compact among 48 states and certain United States territories which was devised to enable a prisoner in one state to demand his production in another state on any “untried indictment, information or complaint.” (Interstate Agreement on Detainers *420 art III.) Both New Jersey and New York are parties to this agreement.[2]
Despite the fact that petitioner is incarcerated in and seeking production to states which recognize the agreement, petitioner is not entitled to the relief he seeks. The purpose of enacting the IAD was to ensure the swift resolution of outstanding charges so as not to obstruct programs of prisoner treatment and rehabilitation. (Carchman v Nash, 473 US 716, 719-720 [1985].) The United States Supreme Court, in Carch-man, held that outstanding charges covered by the IAD do not include probation violation matters. (Id. at 726.) Although a parole violation detainer was not at issue in Carchman, the Court went so far as to find that the IAD should be similarly construed for parole violation matters. (Id. at 727-728.)
In the only New York case which considered this issue, the Third Department, in a decision predating Carchman, reached a similar conclusion with respect to the scope of the IAD and petitioners seeking immediate production on probation violation detainers. (See People ex rel. Capalongo v Howard, 87 AD2d 242 [3d Dept 1982].) There is no New York case, however, which discusses whether parole violation detainers are similarly outside the scope of the IAD. The IAD is an interstate compact, sanctioned by Congress, and, as such, it is subject to federal construction. (See Carchman, 473 US at 719.) While the discussion by the Supreme Court in Carchman on the subject of parole detainers is dicta and ordinarily not binding in New York, because of the hybrid federal and state nature of the IAD, the dicta in Carchman, equating probation and parole detainers, cannot be disregarded.
The Supreme Court’s reasoning that probation detainers are not within the scope of the IAD is twofold: (1) it believes that a probation detainer is not covered by the plain language of the agreement specifying an “untried indictment, information or complaint” (GPL 580.20 [art I]) as the only type of pending actions to be covered by the IAD, and (2) it believes that the IAD is not needed to ensure a swift resolution of a probation violation charge because the ramifications of a lengthy delay in achieving a resolution would not hinder the prisoner’s treatment or rehabilitation. (Id. at 724-726.)
There are only two major differences between parole and probation violation proceedings in New York. The first is the *421 agency who was supervising the release of the petitioner at the time of the alleged violation — New York State Division of Parole oversees parolees while city and State Departments of Probation oversee probationers. The second is that a criminal or Supreme Court Judge presides over and adjudicates at probation violation proceedings while members of the New York State Parole Board preside over and adjudicate at parole violation proceedings. These are procedural, not substantive differences.
In contrast, the similarities between the two are considerable. Both proceedings occur only after conviction and sentence of the petitioner has been imposed and prisoner treatment and rehabilitation have been considered. Both proceedings are administrative in nature, not criminal, even though the charges of a violation of either parole or probation, if determined to be valid, may result in incarceration. Neither proceeding requires the filing of an indictment or information to be initiated, nor do they require a trial to be resolved. In light of these minor differences and substantial similarities, and because probation violation proceedings are not considered to be covered by the IAD (see Carchman, supra; Capalongo, supra), the logical conclusion is that parole violation proceedings should be similarly excluded from its umbrella.
Therefore, because the detainer lodged against petitioner seeks his return to New York to answer parole violation charges, petitioner is not covered by the IAD. Accordingly, ha-beas relief pursuant to the IAD is unavailable to petitioner and the petition must be dismissed. Petitioner’s request for the alternative relief of lifting the warrant is also denied and the warrant remains in effect.

. These findings are based upon a review of respondent’s papers filed in response to the petition for writ of habeas corpus and the documents which accompanied the response.

. The IAD in New York is codified under CPL 580.20. The IAD in New Jersey is codified under New Jersey Statutes Annotated § 2A:159A-1.