The Honorable Barbara King State Representative 106 Tulip Circle Helena, AR 72342
Dear Representative King:
I am writing in response to your request for an opinion onAct 435 of 2003. You have presented the following question regarding this appropriation act:
 In sections 1 (A) and 1 (B) of Act 435 of 2003, appropriations are made to the City of Lakeview, Arkansas, specifically for `repair of roads,' `equipping the ballpark,' and `for other purposes.' Does this language restrict the expenditure of these funds or can the City of Lakeview spend the funds on any program or project administered by the city?
RESPONSE
It is my opinion that the "other purposes" for which the funds may be used are limited to those having a direct connection with the enumerated purposes, i.e., "repair of roads" or "equipping the ballpark." In response to your question, therefore, it is my opinion that the language does restrict the expenditure of these funds.
The act appropriates the sum of $35,000 from the State General Improvement Fund for the City of Lakeview, Arkansas "for repair of roads and other purposes," and it separately appropriates $35,000 for the City "for costs associated with equipping the ballpark and other purposes." Acts 2003, No. 435, § 1. Your question requires interpretation of the phrase "for other purposes." In my opinion, this language does not mean that the City can use the funds for any program or project administered by the City. This conclusion follows, in my opinion, from the established principle of interpretation known as noscitur a socii. Literally, the doctrine means "it is known from its associates." As practically applied, it means that a term may be defined by an accompanying word or by the context of the law. See McKinney v. Robbins, 319 Ark. 596,892 S.W.2d 502 (1995); Weldon v. Southwestern Bell Telephone Co.,271 Ark. 145, 607 S.W.2d 395
(1980); McDonald v. Bowen, 250 Ark. 1049, 468 S.W.2d 765
(1971).
In McDonald v. Bowen, the doctrine was invoked to interpret the phrase "other public purposes" as used in a constitutional amendment for financing industrial development. Amendment 18 to the Arkansas Constitution authorizes the use of a special tax by certain cities for,inter alia, "the purpose of securing the location of factories, industries, river transportation and facilities therefor within and adjacent to such cities or other public purposes, exclusive of charities. . . ." (Emphasis added). McDonald involved a bond issue to finance various proposals, including streets, drainage facilities, fire stations, parking and recreation facilities. The court held that the proposals did not fall within the scope of Amendment 18, noting that they did not limit expenditures to projects having a "direct connection with the factories, industries, etc., that are the primary subject of the Amendment," and further stating:
 Here the appellees introduced witnesses who testified in general terms that business men and corporations are apt to be favorably impressed, in seeking a location for a new plant or the like, by a city which has well-paved streets, adequate storm drainage facilities, sufficient fire stations, and so on. The fact remains, however, that nothing in the petition requires any direct connection between the proposed capital improvements and the new industries. It would be entirely permissible for the city to spend all or any part of the bond proceeds for the improvement of streets in residential areas or for other improvements having only a remote bearing upon the attraction of new industries.
250 Ark. at 1054 (emphasis added).
The court refused to interpret the phrase "other public purposes" as broadening the scope of Amendment 18 so as to encompass the proposals, holding that the phrase "was not an open-ended authorization of unlimited scope." Id. 1055. In limiting the scope of the phrase, the court said: "We are unwilling to lift the words, `other public purposes,' from their context and take them to mean absolutely any conceivable public purpose, regardless of its connection with the rest of the Amendment." Id. The court instead applied the rule of noscitur a sociis and construed the general language in Amendment 18 as comparable to the specific language of its context, which had to do with the attraction of new industry.
Applying this principle in interpreting the language in question, I conclude that the context of the appropriation act limits the words "other purposes" to projects that directly bear upon the expressed purposes, i.e., "repair of roads" and "equipping the ballpark." I cannot opine further regarding any particular use of the funds other than to note that the purpose must, to borrow language from McDonald, have a "direct connection with the . . . primary subject[s]" of the appropriation.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh