William Charles LINDSEY v. STATE of Arkansas

CA CR 03-1031                                            184 S.W.3d 458

Court of Appeals of Arkansas
Division IV
Opinion delivered May 26, 2004

*Harvey Harris*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Jeffrey A. Weber*, Ass't Att'y Gen., for appellee.

KAREN R. BAKER, Judge. Appellant, William Charles Lindsey, appeals from the revocation of his suspended sentence in Crawford County Circuit Court. He has two arguments on appeal. First, he argues that the trial court erred in failing to dismiss the

petition to revoke because he was not brought to a hearing within 180 days of the filing of his detainer. Second, he argues that the trial court erred in failing to dismiss the petition to revoke since the hearing was not held within sixty days of his arrest. We affirm.

Appellant Lindsey pled *nolo contendere* to two counts of first-degree violation of a minor, a Class C felony, on February 7, 2001. He was fined $500 and was given a suspended sentence of five years. On November 5, 2002, a petition to revoke the suspended sentence was filed on the ground that appellant had violated the terms and conditions of the suspended sentence by committing the offense in Texas of traveling in interstate commerce for the intended purpose of engaging in a sexual act with a person under eighteen years of age. At the time the revocation petition was filed, appellant was incarcerated in a federal prison in North Carolina. On November 6, 2002, a bench warrant was issued for appellant's arrest. On November 18, 2002, a hold was placed on appellant while he was serving his sentence in North Carolina. In early May 2003, appellant was released from the federal prison in North Carolina and brought to Arkansas. On June 4, 2003, a hearing on the petition to revoke was held. Appellant filed a motion to dismiss on the ground that he had not been brought to trial within sixty days of his arrest, and the trial court denied the motion. Appellant's suspended sentence was revoked, and he was sentenced to eight years in the Arkansas Department of Correction. Appellant appeals the denial of his motion to dismiss.

For his first argument, appellant asserts that the trial court erred in failing to dismiss the petition to revoke since he was not brought to a hearing within 180 days of the filing of his detainer within the Interstate Agreement on Detainers (IAD). We hold that the IAD, codified at Ark. Code Ann. § 16-95-101, art. III (a) (1987), does not apply in this case. Our supreme court's decision in *Padilla v. State*, 279 Ark. 100, 648 S.W.2d 797 (1983), is dispositive. In *Padilla*, our supreme court explained:

> Article III provides that where a detainer is lodged against a prisoner based upon an untried indictment, information or complaint of another state, the prisoner, upon request, must be brought to trial on the untried charges within 180 days. Ark. Stat. Ann. 43-3201 Art. III(a). Failure to accord a timely trial may mandate dismissal of the underlying charge. Art. III(d); but *see Young v. Mabry*, 471 F. Supp. 553 (E. D. Ark. 1978), *aff'd*, 596 F.2d 339 (8th Cir.), *cert. denied*, 444 U.S. 853 (1979). The compact is designed to standardize

interstate rendition procedures in order to protect the inmate's right to speedy trial and reduce any uncertainties which might obstruct programs of prisoner treatment and rehabilitation. Ark. Stat. Ann. 43-3201 Art. I; *United States v. Mauro*, 436 U.S. 340 (1978); *Capalongo v. Howard*, 453 N.Y.S. 2d 45 (N.Y. App. Div. 1982); *Camp v. United States*, 587 F.2d 397 (8th Cir. 1978).

. . .

The Interstate Agreement on Detainers Act, Ark. Stat. Ann. 43-3201 (Repl. 1977) by its express terms applies only to a detainer based on an untried indictment, information or complaint. Under the principle of *noscitur a sociis*, we interpret the terms "untried" and "complaint" as used in the Agreement as being synonymous with, or at least in the nature of, an untried "indictment" or "information." *Altus Cooperative Winery v. Morley*, 218 Ark. 492, 237 S.W.2d 481 (1951). A charge against a defendant does not remain "untried" after a defendant has pleaded guilty. A plea of guilty is itself a conviction; nothing remains but to give judgment and determine punishment. *Boykin v. Alabama*, 395 U.S. 238 (1969). As stated by the Tennessee Court of Criminal Appeals:

> The term "untried" refers to matters which can be brought to full trial. In a probation revocation proceeding, the trial has already been held, and the defendant convicted. In such a hearing, the defendant comes before the court in a completely different posture than he does at his trial before conviction.

*Blackwell v. State*, 546 S.W.2d 828 (Tenn. Crim. App. 1976); *see also Morrissey v. Brewer*, 408 U.S. 471 (1972); *Lockett v. State*, 271 Ark. 860, 611 S.W.2d 500 (1981).

*Id.* at 102, 648 S.W.2d at 798.

■■ Here, because appellant had entered a plea of *nolo contendere* on the charges underlying the original sentence of probation, there was nothing "untried" within the meaning of the statute. Pursuant to *Padilla*, a charge of violating the terms of a suspended sentence, absent an allegation of the commission of an indictable offense, is not an "untried indictment, information, or complaint" within the scope and meaning of the Interstate Agree-

ment on Detainers Act.[1] Thus, the IAD is inapplicable in this case. Were the IAD to apply in this case, a review of the record indicates that appellant made no demand for trial in compliance with Ark. Code Ann. § 16-95-101, art. III (a), which states that a prisoner "shall be brought to trial within one hundred eighty (180) days after he *shall* have caused to be delivered to the prosecuting officer's jurisdiction written notice of the place of his imprisonment *and his request for a final disposition* to be made of the indictment, information, or complaint." (Emphasis added.) For these reasons, we find no error in the trial judge's denial of appellant's motion to dismiss.

■■ For his second point on appeal, appellant argues that the trial court erred in failing to dismiss the petition to revoke since the hearing was not held within sixty days of his arrest. Appellant contends that the detainer placed on him on November 18, 2002, while he was incarcerated in a federal prison in North Carolina, amounted to an arrest; and because his hearing on the revocation petition was not held until June 4, 2003, the hearing was not held within sixty days. Arkansas Code Annotated section 5-4-310(b)(2) (Repl. 1997) states that "[t]he revocation hearing shall be conducted by the court that suspended imposition of sentence on the defendant or placed him on probation within a reasonable period of time, not to exceed sixty (60) days, after the defendant's arrest." The purpose of the sixty-day requirement is to assure that a defendant who has been arrested for violating the terms of his probation or suspended sentence is not held in jail for an unreasonable time awaiting his revocation hearing. *Beasley v. Graves,* 315 Ark. 663, 869 S.W.2d 20 (1994). Here, appellant was incarcerated in a federal prison until May 2003, when he was returned to Arkansas. His hearing on the petition to revoke his suspended sentence on June 4, 2003, was clearly within the sixty-day statutory limit. Therefore, we cannot say the trial court erred in denying appellant's motion to dismiss. *See Bilderback v. State,* 319 Ark. 643, 893 S.W.2d 780 (1995) (holding that the requirement

---

[1] Unlike the situation presented in *Padilla,* here the petition to revoke appellant's suspended sentence was based on appellant having committed a crime prior to the completion of his suspended sentence. However, appellant had been convicted of that crime in Texas, and as defense counsel noted, "there were no [new] charges for which he had to answer here in Arkansas."

that a probation revocation hearing be held within sixty days of arrest did not apply where defendant was incarcerated on another charge when she was served with arrest warrant); *see also Beasley, supra* (holding that even if a defendant was already incarcerated on another charge, he suffered no prejudice if more than sixty days lapsed before his revocation hearing).

Affirmed.

PITTMAN and NEAL, JJ., agree.