The Honorable David Johnson State Representative 1704 North Harrison Street Little Rock, Arkansas 72207-5324
Dear Representative Johnson:
I am writing in response to your request for an opinion concerning A.C.A. § 21-3-302(d)(3). This subsection is part of the "Veteran Preference Law" which requires that certain qualifying veterans seeking employment by the state be given "preference" in the hiring process. This subsection provides as follows:
 A veteran who established by the records of the federal Department of Veterans Affairs the existence of a service-connected disability, or a veteran who is over fifty-five (55) years of age, disabled, and entitled to a pension or compensation under existing laws, or the spouse of such a veteran, whose disability disqualifies him or her for appointment shall have ten (10) points instead of five (5) points added to his or her final earned rating on the examination, evaluation, or similar instrument.
A.C.A. § 21-3-302(d)(3) (Repl. 2004)
Your specific question in this regard is as follows:
 In your opinion, does the language "entitled to a pension or compensation under existing laws" include entitlement to benefits under the Arkansas Public Employees Retirement System (APERS) Deferred Retirement Option Plan (DROP)? *Page 2 
RESPONSE
The answer to this question is "no," in my opinion. The language in question refers, in my opinion, to a pension or compensation relating to disability, whereas DROP is available to qualifying members without regard to disability.
In reaching this conclusion, I am guided by the established principle that in determining legislative intent, the courts are required to look to the whole act, rather than to isolated words or sections. See Kiferv. Liberty Mut. Ins. Co. 777 F.2d 1325 (1985); Elizabeth Arden SalesCorp. v. Gus Blass Co., 150 F.2d 988, cert. denied 326 U.S. 773 (1945). In other words, we must look to the language under discussion in the context of the statute as a whole. Green v. Mills, 339 Ark. 200, 4 S.W.3d (1999), citing Haase v. Starnes, 323 Ark. 262, 915 S.W.2d 675
(1996). Another construction aid is the principle of interpretation known as "noscitur a sociis." This doctrine translates literally to "it is known from its associates." Practically applied, it means that a word can be defined by the accompanying words. See generally McKinney v.Robbins, 319 Ark. 596, 892 S.W.2d 502 (1995) and Weldon v. SouthwesternBell Telephone Co., 271 Ark. 145, 607 S.W.2d 395 (1980). It can have the effect of limiting the scope of general language to the specific language of its context. Id.
I believe it is clear from these principles of statutory construction that the phrase "entitled to a pension or compensation under existing laws" in the statute set out above is properly interpreted to mean a pension or compensation relating to disability. When read as a whole, it can be seen that the statute is premised upon the veteran's disability. That is, it is the fact of disability that potentially triggers the veteran's preference according to this subsection. Construing the words "pension or disability" out of the disability context would in my opinion be contrary to the above principles of interpretation.
Because APERS DROP is not based on a member's disability, I must conclude that the answer to your question is "no."[1] In my opinion, the language in question *Page 3 
in the veteran's preference law does not include entitlement to benefits under APERS DROP.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] APERS DROP is available to those members with thirty years of service, or perhaps twenty eight years, depending upon the System rules and regulations. A.C.A. § 24-4-801(c). Such members may elect to participate in DROP in lieu of terminating employment and accepting a retirement benefit. Id. at (a). Under the program, the individual continues employment, but employee and employer contributions to APERS on behalf of the member cease; and a certain percentage of the monthly benefit to which the member would have been entitled if he or she had retired is paid into the member's DROP account. Id. at-803. Upon separation from service, the member may elect to receive the balance in the DROP account as either a lump sum or a monthly benefit. Id.
at-804. *Page 1