The Honorable Barbara Nix State Representative
1603 Utopia Benton, Arkansas 72015-3111
Dear Representative Nix:
I am writing in response to your request for an opinion on the following questions concerning Act 386 of 2009, which amended the Arkansas Code to establish various requirements in connection with certain improvement districts:
 1. In light of the language used in Sections 1 and 4 of Act 386 of 2009, are only the variety of improvement districts listed under Section 1(a) and Section 4 of Act 386, i.e., "levee, drainage, irrigation, watershed, or river improvement districts," required to conform to Section 1's reporting requirements or are Section 1's reporting requirements applicable to any improvement district, whatever its nature, if it was formed or operates under any of the Arkansas Code chapters enumerated in § 14-86-103(a)(1)?
 2. If the answer to the first question is that Section 1's reporting requirements are applicable to any improvement district whatever its nature, is the prosecuting attorney required under § 16-21-159 (Section 4 of Act 386 of 2009) to investigate a vacancy and take action to fill a vacancy on a board or commission that is not a "levee, drainage, irrigation, watershed, or river improvement district?" *Page 2 
RESPONSE
It is my opinion in response to your first question that the reporting requirements under A.C.A. § 14-86-103 (Supp. 2009) apply only to levee, drainage, irrigation, watershed, or river improvement districts. Your second question is moot in light of this response.
As reflected by your questions, the new section 14-86-103 was added to the Arkansas Code by Section 1 ofAct 386 of 2009. Subsections 14-86-103(b) and (c) impose certain reporting requirements on each "district," with the term "district" defined under subsection 14-86-103(a).[1] Your first question centers on this definitional section, which provides as follows:
 As used in this section, "district" means any levee, drainage, irrigation, watershed, or river improvement district in Arkansas, including, but not limited to, those districts:
 (1) Formed or operating under this chapter, § 14-87-101 et seq., § 14-88-101 et seq., § 14-89-101 et seq., § 14-90-101 et seq., § 14-91-101 et seq., § 14-92-101 et seq., § 14-93-101 et seq., § 14-94-101 et seq., § 14-95-101 et seq., § 14-114-101 et seq., § 14-115-101 et seq., § 14-117-101 et seq., § 14-118-101 et seq., § 14-119-101 et seq., § 14-120-101 et seq., § 14-121-101 et seq., § 14-122-101 et seq., § 14-123-101 et seq., § 14-124-101 et seq., and § 14-125-101 et seq.; or
 (2) Created by a special act of the General Assembly.
A.C.A. § 14-86-103(a) (Supp. 2009) (emphasis added).
Your question regarding section 14-86-103's reporting requirements is prompted by the above-emphasized language, the apparent concern being that the reference to "those districts . . . [f]ormed or operating under" the named chapters may effectively expand the definition of "district" beyond the specifically enumerated *Page 3 
"levee, drainage, irrigation, watershed, or river improvement district[s]." The concern may be prompted by the fact that other varieties of improvements are authorized under these chapters.See, e.g., A.C.A. § 14-92-205 (Repl. 1998) (authorizing the formation of suburban improvement districts for, among other purposes, the construction or maintenance of recreational facilities and street improvements); A.C.A. § 14-93-105 (Supp. 2009) (same regarding property owners' improvement districts.)
In my opinion, this concern is unwarranted. I believe the statute is properly construed to apply to those varieties of districts specifically enumerated, i.e., levee, drainage, irrigation, watershed, or river improvement districts, whether formed or operating under the listed chapters, created by special act, or formed under some other authority. Several statutory construction aids are of assistance in determining the legislature's intent.
Pursuant to the doctrine of "ejusdem generis," when general words follow specific words in a statutory enumeration the general words are construed to embrace only persons or things similar in nature to those enumerated by the preceding specific words. Hanley v.Arkansas State Claims Comm'n,333 Ark. 159, 970 S.W.2d 198 (1998); McKinney v. Robbins,319 Ark. 596, 892 S.W.2d 502 (1995). Agape Church, Inc. v. PulaskiCounty, 307 Ark. 420, 821 S.W.2d 21 (1991). Similarly, the doctrine of "noscitur a sociis," which literally translates to "it is known from its associates," provides that a word can be defined by the accompanying words. Boston v. State,330 Ark. 99, 952 S.W.2d 671 (1997). It can have the effect of limiting the scope of general language to the specific language of its context. Weldon v. Southwestern Bell Telephone Co.,271 Ark. 145, 607 S.W.2d 395 (1980).
Under ejusdem generis, districts that were formed or operating under the listed Arkansas Code chapters (or created by special act) and that are similar in nature to levee, drainage, irrigation, watershed, or river improvement districts are the only ones falling within the general words "those districts." Under noscitur a sociis, the words "those districts" are defined and limited by the specific associated "levee, drainage, irrigation, watershed, or river improvement district[s]."
It therefore appears from these principles of statutory construction that the reporting requirements under A.C.A. § 14-86-103 apply only to levee, drainage, *Page 4 
irrigation, watershed, or river improvement districts. This renders your second question moot.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] Subsection (b) requires an "initial report" to be filed with the county clerk on or before December 31, 2009, and subsection (c) requires an annual report thereafter. The reports are to include,inter alia, the names and addresses of the district's board members and officers, any vacancies on the board, and the time, date, and location of board meetings. Id. The initial report must include the district's name, the date it was formed and the authority for its formation, and a map of property within its boundaries. Id. at (b)(2).