Ernie Passailaigue, Director Arkansas Lottery Commission Post Office Box 3238 Little Rock, Arkansas 72203-3238
Dear Mr. Passailaigue:
You have requested my opinion concerning the 2% cost-of-living (COLA) increase that was reinstated by the Governor effective December 26, 2010, for state employees. Your questions pertain specifically to COLA payments to the Director, Internal Auditor, and Chief Operating Officer of the Arkansas Lottery Commission ("Commission").
As background for your questions, you note that according to a December 2, 2010 memorandum issued by the Arkansas Department of Finance and Administration ("DF A"), the COLA will be based on the employee's "basic pay rate" as of December 26. You further note that according to the memo, employees who are at or above their maximum rate of pay, but who do not have at least 15 years of service, and employees who are at the career level of their classification will receive the COLA as a lump sum payment at the end of the fiscal year. Against this backdrop, you ask:
 1. For the purpose of calculating COLA for the positions of Lottery Commission Director, Lottery Commission Internal Auditor and Lottery Commission Chief Operating Officer, does the "basic pay rate" include the maximum annual salary with any special salary allowance, or should the COLA payment be based solely on the maximum annual salary (or less if the employee is paid less) listed in A.C.A. § 23-115-305? [Emphasis original.] *Page 2 
 2. For the purpose of determining when these three employees should receive their COLA payment, should the determination of whether the employee is at or above their "maximum rate of pay" be based on the maximum annual salary listed in § 23-115-305, or does the maximum rate of pay include a special salary allowance? [Emphasis original.]
RESPONSE
It is my opinion in response to your first question that the COLA is calculated pursuant to A.C.A. § 21-5-219 (Supp. 2009), based upon the employee's annual salary rate as determined by the Commission, which may be any amount up to the maximum specified by A.C.A. § 23-115-305 (Supp. 2009).[1] Special salary allowances are not included in the COLA calculation, in my opinion. It is my opinion in response to your second question that a special salary allowance is irrelevant for purposes of determining when the employees receive their COLA payment. Pursuant to A.C.A. § 21-5-219(d), Commission employees who are paid at the maximum rate authorized by section 23-115-305 will receive the COLA as a lump sum at the end of the fiscal year.
Question 1 — For the purpose of calculating COLA for thepositions of Lottery Commission Director, Lottery CommissionInternal Auditor and Lottery Commission Chief Operating Officer,does the "basic pay rate" include the maximum annual salary with anyspecial salary allowance, or should the COLA payment be based solelyon the maximum annual salary (or less if the employee is paid less)listed in A.C.A. § 23-115-305?
Arkansas Code Annotated § 21-5-219 governs the COLA calculation for the positions in question and provides in relevant part:
 The maximum annual rate of compensation for which a nonclassified employee is eligible on July 1, 2010, shall be determined by increasing the employee's June 30, 2010, salary by two and three-tenths percent (2.3%).[2] *Page 3 
The answer to your question turns on the emphasized words: "the employee's June 30, 2010 salary."[3] In determining what meaning to ascribe to these words, a court would likely employ statutory construction aids to ascertain the legislative intent. One of these aids is the principle of interpretation known as "noscitur a sociis." This doctrine translates literally to "it is known from its associates." Practically applied, it means that a word can be defined by the accompanying words.[4] The doctrine can have the effect of limiting the scope of general language to the specific language of its context.[5]
Based on this doctrine, the term "salary" as used in subsection 21-5-219(b) is reasonably construed to mean the employee's annual salary rate as determined by the Commission, which rate may not exceed the maximum established for the position by A.C.A. § 23-115-305.[6] This reasonably follows from the accompanying words "maximum annual rate of compensation." These words plainly refer to the rate established by the General Assembly as the maximum annual salary for the position. The Regular Salary Procedures and Restrictions Act prohibits a "rate of pay" in excess of the maximum established for the position *Page 4 
during any one fiscal year.[7] The Commission sets the salary rate at an amount up to the authorized maximum, taking into account the employee's ability and experience.[8] In my opinion, the word "salary" refers to this annual rate of pay.
This is further evidenced by the remaining two subsections of section 21-5-219, which also refer to the maximum salary rate:
 A nonclassified employee compensated at the highest pay rate authorized for his or her position shall be eligible to receive the salary increase authorized in this section, but the increase shall be paid as a lump sum on the last pay period of the fiscal year of the year in which the increase is to occur.
 Lump-sum payments made under this section shall not be construed as exceeding the maximum salary.[9]
In my opinion, these references to the "maximum" and "highest" rate dispel any suggestion that the word "salary" in section 21-5-219 might include additional compensation in the form of the "special salary allowance" authorized for certain employees by A.C.A. § 23-115-306.[10] Indeed, the latter statute clearly distinguishes the "special salary allowance" from "salary" when addressing "total compensation" for these positions:
 The total compensation for a position subject to an allowance under subsection (a) of this section, including the salary authorized by the General Assembly and a special salary allowance, shall not exceed an amount equal to two and one-half (2½) times the salary for the position authorized by the General Assembly.[11] *Page 5 
The statute governing Commission employees' "salary for retirement purposes" similarly distinguishes between special allowances and the maximum rate authorized by the General Assembly:
 A commission employee's salary for retirement purposes shall be the amount determined by the commission under §§ 23-115-305 and 23-115-307 and shall not include a special salary allowance under § 23-115-306 used to increase the employee's salary.[12]
In sum, special salary allowances are not included in the COLA calculation, in my opinion. Rather, the COLA increase is calculated based upon the employee's annual salary rate as determined by the Commission, which rate may not exceed the maximum under A.C.A. § 23-115-305.
Question 2 — For the purpose of determining when these threeemployees should receive their COLA payment, should thedetermination of whether the employee is at or above their "maximumrate of pay" be based on the maximum annual salary listedin § 23-115-305, or does the maximum rate of pay include a specialsalary allowance? [Emphasis original.]
This question has reference to A.C.A. § 21-5-219(d) (Supp. 2009), which as noted above provides as follows regarding payment of the COLA:
 A nonclassified employee compensated at the highest pay rate authorized for his or her position shall be eligible to receive the salary increase authorized in this section, but the increase shall be paid as a lump sum on the last pay period of the fiscal year of the year in which the increase is to occur.
(Emphasis added).
For the reasons explained above regarding the COLA calculation, it is my opinion that a special salary allowance is irrelevant for purposes of determining when the employees receive their COLA payment. Subsection 21-5-219(d) plainly provides *Page 6 
that Commission employees who are paid at the maximum rate authorized by A.C.A. § 23-115-305 will receive the COLA as a lump sum at the end of the fiscal year.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] Section 23-115-305 establishes a "maximum annual salary rate" of $141,603 for both the Lottery Commission Director and the Lottery Commission Internal Auditor, and a rate of $126,050 for the Chief Operating Officer.
[2] A.C.A. § 21-5-219(b) (Supp. 2009) (emphasis added). According to a memorandum issued by the Director of DF A on December 2, 2010, "[t]he Governor is restoring 2% of the 2.3% cost of living (COLA) increase for all state employees. . . ." This indicates that subsection 21-5-219(b), with its reference to a 2.3% increase, is the relevant statute.
[3] In presenting these questions regarding the COLA, you have referred to a December 2, 2010 memo issued by DF A's Office of Personnel Management ("OPM"). Employees of the Lottery Commission are exempt, however, from the Uniform Classification and Compensation Act ("UCCA"), which establishes the duties and responsibilities of OPM. A.C.A. § 23-115-305 (Supp. 2009) (exempting Commission positions from the UCCA); A.C.A. § 21-5-207 (Supp. 2009) (establishing administrative responsibilities of OPM with respect to the state classification and compensation plan). I have therefore limited my analysis to what appears to be the controlling statute, A.C.A. § 21-5-219. The statute applies to "nonclassified employees," which presumably encompasses Commission employees. Section 21-5-219 was originally enacted as an amendment to the UCCA (see Act 532 of 1997), which admittedly does not apply to the Commission, as noted above. Nevertheless, a review of the statute's history, as well as the legislature's historical practice of including the COLA in the appropriation acts of agencies excluded from the UCCA, strongly suggests that the undefined term "nonclassified employees" includes employees of exempt agencies such as the Commission.
[4] See generally McKinney v. Robbins,319 Ark. 596, 892 S.W.2d 502 (1995); Weldon v. Southwestern BellTelephone Co., 271 Ark. 145, 607 S.W.2d 395 (1980).
[5] Id.
[6] See n. 1, supra
(regarding maximum annual salary rates).
[7] A.C.A. § 21-5-101(b)(2) (Supp. 2009). This act is in implementation of Ark. Const. art. 16, § 4, which provides that the General Assembly shall fix the maximum salaries for all state officers and employees.
[8] A.C.A. § 21-5-101(b)(3).
[9]
A.C.A. § 21-5-219(d) (e) (Supp. 2009) (emphasis added).
[10] Section 23-115-306 authorizes "special salary allowances . . . for recruitment or retention" of the Director, Internal Auditor, and Chief Operating Officer.
[11] A.C.A. § 23-115-306(b) (Supp. 2009) (emphasis added). This subsection was amended slightly by Acts 265 and 294 of 2011, but the distinction between "the special salary allowance" and "the salary" was unaffected.
[12] A.C.A. § 23-115-304(b), as amended by Acts 2011, No. 207, § 26. This office concluded in Op. Att'y Gen. 2010-150 that the special salary allowance in § 23-115-306 is a "multiplier" under the former § 23-115-304, and as such may not be used to calculate retirement benefits.
 *Page 1